**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>Tamara Lambert</u>
Plaintiff                                         Case # _____

                                                  Judge  _____

vs.

<u>HILLSTONE RESTAURANT GROUP, INC.</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☒  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☒ Civil
☐ Real property/Mortgage foreclosure

Composite Exhibit A

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**     **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**     **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  <u>4</u>

**VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Arielle K Brandt</u>        Fla. Bar # <u>118004</u>
        Attorney or party               (Bar # if attorney)

<u>Arielle K Brandt     </u>        <u>09/22/2020</u>
  (type or print name)            Date

## IN THE COUNTY COURT OF THE 17TH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

**TAMARA LAMBERT (maiden THEISS),**

     **Plaintiff,**                              **CASE NO.:**

**vs.**

**HILLSTONE RESTAURANT GROUP,**
**INC. d/b/a Hillstone Restaurant**

     **Defendant.**
_____/

## COMPLAINT

COMES NOW the Plaintiff, TAMARA LAMBERT (maiden THEISS**)**, individually, by and through the undersigned attorney and sues the Defendant, Hillstone Restaurant Group, Inc., d/b/a Hillstone Restaurant (hereinafter sometimes referred to as "Hillstone"), and alleges as follows:

### The Parties

1.     Plaintiff resides in Broward County, Florida. Plaintiff worked at the Defendant corporation as a server and bartender from approximatelySeptember 1, 2002 through March 16, 2020; the relevant statutory time period is June 30, 2015 to March 16, 2020.

2.     At all times relevant to this action Plaintiff has been a tipped employee engaged in commerce or the production of goods for commerce on behalf of the Defendant.

3.     Plaintiff is a covered employee within the meaning of the Florida Minimum Wage Act ("FMWA") and the Florida Constitution.

4.     Upon information and belief, at all material times hereto, Defendant, Hillstone, was a corporation duly licensed to transact business in the State of Florida. Defendant does business, has offices, and/or maintained agents for the transaction of its customary business in Broward County, Florida.

Composite Exhibit A

5.    Upon information and belief, Defendant is an "enterprise engaged in interstate commerce" within the meaning of the FMWA and the Florida Constitution.  Defendant has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and is otherwise a covered entity under the FMWA and the Florida Constitution.

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction pursuant to Fla. Stat. § 448.110.  This is an action for violation of the FMWA and FLSA with damages less than thirty thousand dollars ($30,000.00) exclusive of interests, costs, and attorney's fees.

7.    Venue is proper in Broward County pursuant to Fla. Stat § 47.051 because acts giving rise to the claims of the Plaintiff occurred within this jurisdictional district, and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## Nature of the Action

8.    Defendant is the owner of Hillstone restaurant located in Pompano Beach, Florida.

9.    Plaintiff was employed as a server and bartender by the Defendant, a "Tipped Employee" as defined by the FMWA, September 1, 2002 through March 16, 2020; the relevant statutory time period is June 30, 2015 to March 16, 2020.

10.    Fla. Const. Art. X, § 24(c) states, "for tipped Employees meeting eligibility requirements for the tip credit under the Fair Labor Standards Act ("FLSA"), Employers may credit towards satisfaction of the Minimum Wage tips up to the amount of the allowable FLSA

Composite Exhibit A

tip credit in 2003."

11.     Section 3(m) of the FLSA, as incorporated through the FMWA, permits an employer to take a "tip credit" toward its minimum wage obligation for Tipped Employees equal to the difference between the tipped minimum wage and the applicable state minimum wage.  For instance, in 2017 the Florida State Minimum Wage is $8.10, the statutorily permitted tip credit is $3.02, and the tipped minimum wage is $5.08.

12.     In the following Counts, Defendant either misapplied a tip credit to Plaintiff's wage, or failed to pay Plaintiff minimum wage for all hours worked.

13.     Defendant has and continues to willfully violate the Florida Minimum Wage Act by not paying the wages owed to Plaintiff.

14.     Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

15.     Plaintiff's wages were dependent on how Plaintiff was classified as an employee, in this specific instance the occupation of "server" or "bartender" rather than the tasks performed at the direction of the Defendant.

**16.**     On July 6, 2020, Defendant was provided by priority mail written notice identifying the applicable minimum wage sought, the estimated work dates for which payment is sought, and the total amount of unpaid wages being sought by Plaintiff as required by Fla. Stat. § 448.110(6)(a), satisfying the Florida Minimum Wage Act pre-suit notification requirement.

## COUNT I: MINIMUM WAGE VIOLATION OF FLA. STAT. § 448.110 – DUAL OCCUPATION, OPENING AND CLOSING DUTIES

17.     Plaintiff incorporates the allegations contained in paragraphs 1 through 16 as though fully set forth herein.

Composite Exhibit A

18. At all relevant times, Defendant has been and continues to be an employer engaged in commerce, within the meaning of the Florida Minimum Wage Act, Fla. Stat. § 448.110.

19. At all relevant times, Defendant employed Plaintiff within the meaning of the Florida Minimum Wage Act.

20. Plaintiff brings this action as a former hourly employee of the Defendant who willfully refused to pay a wage during Plaintiff's employment. For time spent during Plaintiff's employment, Defendant took a "tip credit" from Plaintiff's wages. Thus, Defendant paid Plaintiff at a rate less than the applicable minimum wage.

21. Pursuant to Fla. Stat. § 448.110 and Fla. Const. Art. X, § 24(c), a tip credit exemption from Florida's minimum wage requirements may only be taken when the Employer would otherwise be eligible to do so under the Fair Labor Standards Act ("FLSA"), as incorporated through the FMWA.

22. The Department of Labor has issued regulations, interpreting the Fair Labor Standards Act, codified at 29 C.F.R. §§ 531.50-60, addressing the limited circumstances under which an employer may properly utilize the tip credit. Those regulations, consistent with the statute itself, provide that proper application of the tip credit is dependent upon the "occupation" of the employee being that of a "tipped employee."

23. Pursuant to 29 C.F.R. § 531.56(e), an employer's classification of an employee as a "tipped employee" for whom a tip credit may be properly taken depends upon the employee's "duties." Such "duties" must be primarily "tip-producing." These duties may also include tasks which are "incidental" to the generation of tips, so long as the employee is only required to undertake such tasks "occasionally."

Composite Exhibit A

24.     Plaintiff was required to perform such non-tip producing tasks more than occasionally. Plaintiff was asked to perform excessive amounts of such non-tip-producing work every shift, often for hours at a time before and after Plaintiff was given any opportunity to engage in tip-producing activities (i.e., "opening duties" and "closing duties").

25.     Rather than being "occasional," the non-tip-producing tasks that Plaintiff was required to undertake occupied discrete and insular periods of the Plaintiff's work day.  Plaintiff was required to work for significant period of time before Plaintiff's shift began. Plaintiff was additionally required to work for a significant period of time after Plaintiff's shift concluded. These tasks are not "occasional" because they were undertaken every shift, exclusively, for hours at a time.

26.     The temporal separation between "opening duties/closing duties" and time spent performing tip-producing activities represents a clear dividing line between tipped activities, for which a tip credit may be applied, and non-occasional preparatory/maintenance activities, for which a tip credit may not be applied.

27.     As a result of Defendant's willful failure to compensate the Plaintiff the applicable minimum wage for all hours worked, Defendant has violated Fla. Stat. § 448.110.

28.     Defendant's conduct constitutes a willful violation of the Florida Minimum Wage Act within the meaning of Fla. Stat. § 448.110.

29.     Defendant has and continues to willfully violate the Florida Minimum Wage Act by not paying Plaintiff a wage for time spent working.

30.     Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

31.     Plaintiff's wages were dependent on how Plaintiff was classified as an employee,

not on the job(s) performed at the direction of the Defendant.

32.    On June 8, 2018, Defendant was provided by priority mail written notice identifying the applicable minimum wage sought, the estimated work dates for which payment is sought, and the total amount of unpaid wages being sought by Plaintiff as required by Fla. Stat. § 448.110(6)(a), satisfying the Florida Minimum Wage Act pre-suit notification requirement.

**33.**    Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant, compensation for unpaid wages, an additional equal amount as liquidated damages, prejudgment interest, and reasonable attorney's fees and costs of this action under Fla. Stat. § 448.08, § 448.104 and § 448.110.

## COUNT II: FLORIDA MINIMUM WAGE ACT – DUAL OCCUPATION, NON-INCIDENTAL TASKS BELONGING TO NON-TIPPED OCCUPATION

34.    Plaintiff incorporates the allegations contained in paragraphs 1 through 16 as though fully set forth herein.

35.    Section 448.110(3) of the Florida Minimum Wage Act incorporates the FLSA provisions regarding the regulation of minimum wage exemptions with regard to an employer "tip credit."

36.    Fla. Const. Art. X, § 24(c) allows an Employer to apply a tip credit to the State-mandated minimum wage "for tipped Employees meeting eligibility requirements for the tip credit under the FLSA."

37.    The Department of Labor has promulgated regulations addressing the inapplicability of a tip credit to employees who are engaged in tasks which constitute two separate occupations.

38.    Pursuant to 29 C.F.R. § 531.56(e) "In some situations an employee is employed

Composite Exhibit A

in a dual job, as for example, where a maintenance man in a hotel also serves as a waiter. In such a situation the employee, if he customarily and regularly receives at least $30 a month in tips for his work as a waiter, is a tipped employee only with respect to his employment as a waiter. He is employed in two occupations, and no tip credit can be taken for his hours of employment in his occupation of maintenance man."

39.     In addition to the duties of a server and bartender, Plaintiff was regularly required to perform tasks which would be properly classified as the duties of another occupation, such as janitorial/maintenance duties, kitchen staff duties, and server assistant duties.

40.     Defendant required that Plaintiff perform certain maintenance/janitorial duties including but not limited to: placing trash cans in designated areas; checking restrooms for cleanliness and supplies; dusting in the dining area; performing general cleaning; stocking printer paper with back-up rolls; sweeping and mopping dining room area floors; unloading alcohol deliveries; and unloading deliveries for operations (toilet paper, to-goes, straws etc.,). These tasks were performed while Plaintiff was paid the Florida minimum wage for tipped employees, rather than the proper Florida minimum wage.

41.     Defendant required that Plaintiff perform certain "kitchen staff" duties including but not limited to: washing dishes; cutting lemons and limes; and putting garnishes on ice. These tasks were performed while Plaintiff was paid the Florida minimum wage for tipped employees, rather than the proper Florida minimum wage.

42.     Defendant required that Plaintiff perform certain server assistant duties including but not limited to: performing host duties; training other servers and bartenders; setting up tables for large parties; running food for other servers; cleaning trays; garnishing plates; and assisting other servers and bartenders with completing their side-work. These tasks were

Composite Exhibit A

performed while Plaintiff was paid the Florida minimum wage for tipped employees, rather than the proper Florida minimum wage.

43.     The "dual occupational" tasks listed in paragraphs supra are not customarily and/or traditionally incidental to that of a server and bartender, and are otherwise unrelated to, the job of a server, bartender or any other tipped profession.

44.     These dual occupational tasks were not "occasional," but instead occupied discrete and insular periods of the Plaintiff's work day, during each shift that Plaintiff worked. These dual occupational tasks were regularly not related to tip-related duties.

45.     Defendant's conduct constitutes a willful violation of the Florida Minimum Wage Act.

46.     Defendant has and continues to willfully violate the Florida Minimum Wage Act by not paying Plaintiff a wage equal to or greater than minimum wage for time spent performing "dual occupational" tasks.

47.     Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

48.     Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direction of the Defendant.

49.     On July 6, 2020, Defendant was provided by priority mail written notice identifying the applicable minimum wage sought, the estimated work dates for which payment is sought, and the total amount of unpaid wages being sought by Plaintiff as required by Fla. Stat. § 448.110(6)(a), satisfying the Florida Minimum Wage Act pre-suit notification requirement.

**50.**     Plaintiff is therefore entitled to compensation for the difference between wages

Composite Exhibit A

paid and Florida's minimum wage at an hourly rate, to be proven at trial, plus an additional

amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

## COUNT III: MINIMUM WAGE VIOLATION OF FLA. STAT.  § 448.110 –
## DUAL OCCUPATION, NON-TIPPED ACTIVITIES GREATER THAN 20% OF WORKWEEK

51.     Plaintiff incorporates the allegations contained in paragraphs 1 through 16 as

though fully set forth herein.

52.     At all relevant times, Defendant has been and continues to be an employer

engaged in commerce, within the meaning of the Florida Minimum Wage Act, Fla. Stat. §

448.110.

53.     At all relevant times, Defendant employed Plaintiff within the meaning of the

Florida Minimum Wage Act.

54.     Plaintiff brings this action as a former hourly employee of the Defendant who

willfully refused to pay a wage during Plaintiff's employment. For time spent during Plaintiff's

employment, Defendant took a "tip credit" from Plaintiff's wages.  Thus, Defendant paid

Plaintiff at a rate less than the applicable minimum wage.

55.     Pursuant to Fla. Stat. § 448.110 and Fla. Const. Art. X, § 24(c), a tip credit

exemption from Florida's minimum wage requirements may only be taken when the Employer

would otherwise be eligible to do so under the Fair Labor Standards Act ("FLSA"), as

incorporated through the FMWA.

56.     The Department of Labor has issued regulations, interpreting the Fair Labor

Standards Act, codified at 29 C.F.R. §§ 531.50-60, addressing the limited circumstances under

which an employer may properly utilize the tip credit. Those regulations, consistent with the

statute itself, provide that proper application of the tip credit is dependent upon the

"occupation" of the employee being that of a "tipped employee."

57.     Pursuant to 29 C.F.R. § 531.56(e), an employer's classification of an employee as a "tipped employee" for whom a tip credit may be properly taken depends upon the employee's "duties." Such "duties" must be primarily "tip-producing." These duties may also include tasks which are "incidental" to the generation of tips, so long as the employee is only required to undertake such tasks "occasionally."

58.     During Plaintiff's employment with Defendant, Plaintiff was also required by Defendant to perform non-tipped work throughout Plaintiff's shift, for which Plaintiff was paid at the reduced tip credit rate. These tasks, in the aggregate, were more than "occasional."

59.     Examples of such non-tipped labor which the Plaintiff performed include: seating customers outside of your section or performing host duties, running food to tables outside of your section, washing dishes, checking entry/dining area floors, and sweeping, performing general cleaning, checking restrooms for cleanliness and supplies, refilling and restocking dressings or sauces, preparing bread, preparing food for kitchen, stocking to-go area with containers and to-go bags, polishing silverware, organizing, or moving silverware to front of house, rolling silverware, stocking or filling ketchup or table sauces, cleaning condiment holders, stocking or refilling sugar, sweeteners, salt, and pepper, setting tables – silverware, plates, glassware, napkins, caddies, taking down, putting up, aligning, and straightening chairs, cleaning chairs and booths and surrounding areas, cleaning table tops, cleaning the wait station, washing or polishing glassware, cleaning, adjusting, moving and connecting beer kegs, stocking glasses, straws, napkins, coffee cups and saucers, brewing coffee and tea, and stocking coffee, tea, and/or bottled drinks, unload and restock all alcoholic and non alcoholic deliveries; unload and restock all restaurant operational deliveries (toilet paper, to-gos, straws, candles, sugars); restock, clean, and store front all beverage walk in, wine room, and beer keg coolers;

take out all trash; dip it and polish all plate ware and coffee cups. empty all bus tubs; fold all linen for bar dining service; filling and emptying ice bins; polishing brass; gum check and scrapings; clean and polish all candle holders; break down and clean the bar Hobart; clean all juicers; pull up and down shutters for out side bar; cover all outdoor tables; Shelia shine all silver doors and shelves.

60.    The Department of Labor has provided additional guidance as to how "occasionally" should be interpreted in its Field Operations Handbook. This guidance (in the form of a bright-line "20% rule") has been relied upon by Florida courts.

61.    Pursuant to U.S. Dept. of Labor, Field Operations Handbook Ch. 30d00(e), "The FLSA permits an employer to take the tip credit for some time that the tipped employee spends in duties related to the tipped occupation, even though such duties are not by themselves directed toward producing tips. For example, a waitperson who spends some time cleaning and setting tables, making coffee, and occasionally washing dishes or glasses is considered to be engaged in a tipped occupation even though these duties are not tip producing. However, where a tipped employee spends a substantial amount of time (in excess of twenty percent (20%) in the workweek) performing related duties, no tip credit may be taken for the time spent in such duties."

62.    The non-tipped duties for which Plaintiff was paid at a tip credited rate were undertaken more than "occasionally," and exceeded twenty percent (20%) of each week worked by the Plaintiff.

63.    Defendant willfully and improperly applied a tip credit to every hour that the Plaintiff worked, even when Plaintiff was clearly engaged in non-tipped tasks more than "occasionally," and in excess of twenty percent (20%) of Plaintiff's work week.

64.     Defendant improperly utilized the tip credit and unjustly benefited by saving the tip credit amount for each hour Plaintiff worked.  With this great savings comes great responsibility.  Plaintiff was not able to obtain tips or perform tip-generating work while being paid at the reduced tip credit rate, causing the Defendant to benefit at the detriment of Plaintiff.

65.     In both policy and practice, the Defendant regularly and consistently required the Plaintiff to perform non-tipped labor more than "occasionally," and in excess of twenty percent (20%) of Plaintiff's work week before, during and after each scheduled shift. As such, full minimum wage for such time is owed.

66.     As a result of Defendant's willful failure to compensate the Plaintiff the applicable minimum wage for all hours worked, Defendant has violated Fla. Stat. § 448.110.

67.     Defendant's conduct constitutes a willful violation of the Florida Minimum Wage Act within the meaning of Fla. Stat. § 448.110.

68.     Defendant has and continues to willfully violate the Florida Minimum Wage Act by not paying Plaintiff a wage for time spent working.

69.     Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

70.     Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direction of the Defendant.

71.     On June 8, 2018, Defendant was provided by priority mail written notice identifying the applicable minimum wage sought, the estimated work dates for which payment is sought, and the total amount of unpaid wages being sought by Plaintiff as required by Fla. Stat. § 448.110(6)(a), satisfying the Florida Minimum Wage Act pre-suit notification requirement.

Composite Exhibit A

72.     Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant, compensation for unpaid wages, an additional equal amount as liquidated damages, prejudgment interest, and reasonable attorney's fees and costs of this action under Fla. Stat. § 448.08, § 448.104 and § 448.110.

### COUNT V – FLORIDA MINIMUM WAGE ACT, UNPAID WAGES

73.     Plaintiff incorporates the allegations contained in paragraphs 1 through 16 as though fully set forth herein.

74.     Pursuant to 29 U.S.C. § 206(a), every employer shall pay the applicable minimum wage to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce.

75.     At all relevant times, Defendant employed Plaintiff within the meaning of Fla. Const. Art. X, § 24(c).

76.     Plaintiff brings this action as a former hourly employee of the Defendant who willfully refused to pay a wage during Plaintiff's employment.

77.     Plaintiff was required to "clock-out" while still working, or remain after work in the restaurant while being off-the-clock, prior to receiving authorization from Defendant to leave.

78.     As a result of Defendant's willful failure to compensate the Plaintiff the applicable state minimum wage for all hours worked. Defendant has violated Fla. Const. Art. X, § 24(c) and Fla. Stat. § 448.110.

79.     Defendant's conduct constitutes a willful violation of the Florida Minimum Wage Act within the meaning of Fla. Const. Art. X, § 24(c).

Composite Exhibit A

**80.**     Defendant has and continues to willfully violate the Florida Minimum Wage Act by not paying Plaintiff a wage for time spent working.

**81.**     Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

**82.**     On July 6, 2020, Defendant was provided written notice identifying the applicable minimum wage sought, the estimated work dates for which payment is sought, and the total amount of unpaid wages being sought by Plaintiff as required by Fla. Stat. § 448.110(6)(a) and Fla. Const. Art. X, § 24(c), satisfying the Florida Minimum Wage Act pre-suit notification requirement.

83**.**     As a result of Defendant's failure to pay Plaintiff for all hours worked, Plaintiff is entitled to receive minimum wage for all unpaid hours, liquidated damages, attorneys fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants, jointly and severally, for the following relief:

a.   Declaring that Defendant has violated the minimum wage provisions of the FMWA;

b.   Declaring that Defendant has violated the minimum wage provisions of Fla. Const. Art. X, § 24;

c.   Declaring that Defendants' violation of the FMWA and Fla. Const. Art. X, § 24 were willful;

d.   Awarding Plaintiff liquidated damages as a result of Defendants' violation of the FMWA and Fla. Const. Art. X, § 24;

Composite Exhibit A

e.  Awarding the Plaintiff damages for all unpaid wages;.

f.  Awarding the Plaintiff pre-judgment and post-judgment interest under the FMWA and Fla. Const. Art. X, § 24;

g.  Awarding the Plaintiff reasonable attorneys' fees, costs, and disbursements pursuant to the FMWA and Fla. Const. Art. X, § 24;

h.  Where Defendant, an employer, does not have records and fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.

**i.**  Awarding such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED September 18, 2020

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the Defendant alongside the Complaint Package served on the date indicated in the affidavit of service.

Respectfully Submitted,

*/s/ Arielle K. Brandt*
Arielle K. Brandt, Esquire
Florida Bar No.: 118004
The Brandt Law Firm, PLLC
420 W. Wekiva Trail
Longwood, FL 32779
E-mail: ArielleKBrandt@gmail.com
Phone: (407) 808-3524

Composite Exhibit A

## IN THE COUNTY COURT OF THE 17TH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

**TAMARA LAMBERT (maiden THEISS),**

     **Plaintiff,**                  **CASE NO.:**

**vs.**

**HILLSTONE RESTAURANT GROUP,**
**INC. d/b/a Hillstone Restaurant**

     **Defendant.**

_____/

### NOTICE OF TAKING VIRTUAL VIDEO DEPOSITION DUCES TECUM

**PLEASE TAKE NOTICE** that a deposition will be taking place before Orange Legal, or some other Notary Public for the State of Florida at Large.  Pursuant to Florida Rules of Civil Procedure 1.310(b)(6), Hillstone Restaurant Group, Inc., d/b/a Hillstone Restaurant shall designate one or more officers, directors, or managing agents, or other persons who consent to do so, to testify on its behalf and may state the matters on which each person designated will testify. The persons so designated shall testify about matters known or reasonably available to the organization.  The attorney for the Plaintiff will be taking the deposition of the below listed individual at the following location, on the following date and time:

     **Deponent:**     **Corporate Representative with most knowledge**

     **Location:**     **Orange Legal**

     **Date:**     **TBD**

     **Time:**     **TBD**

Defendant to provide three (3) dates and times for this deposition within ten (10) days of receipt of this notice. The deposition will be taken before an associate or deputy court reporter of Orange Legal who is not of counsel to the parties or interested in the events of this cause. This deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the Florida Rules of Civil Procedure. This deposition will continue from

day to day until completed. **The deponent should be prepared to provide testimony regarding the subject matter delineated in the attached Schedule "A" and the deponent should bring with them all documents responsive to the attached Scheduled "B".**

***Documents for which Defendant has raised, or intends to raise, a privilege (e.g., claims file documents) need not be produced to Plaintiff for examination, however must be brought so that deponent may adequately respond to non-privileged areas of inquiry***

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the Defendant alongside the Complaint Package served on the date indicated in the affidavit of service.

Respectfully Submitted,

<u>/s/ Arielle K. Brandt</u>
Arielle K. Brandt, Esquire
Florida Bar No.: 118004
The Brandt Law Firm, PLLC
420 W. Wekiva Trail
Longwood, FL 32779
E-mail: ArielleKBrandt@gmail.com
Phone: (407) 808-3524

Copy: Orange Legal

Composite Exhibit A

## **SCHEDULE A**

1.      Any dates and/or hours Plaintiff worked for Defendant.

2.      Any duties performed by Plaintiff, during the relevant time period of this claim.

3.      Names, dates of employment, and last known contact information for other servers that worked with Plaintiff.

4.      Names, position, and dates of employment for any person who supervised or managed Plaintiff in any way.

5.      The rules, policies, and procedures regarding side work, tip pooling, and duties that may be performed by servers during the time of Plaintiff's employment.

6.      Any individuals responsible for training or instructing the Plaintiff as to job duties during Plaintiff's employment with the Defendant.

7.      All duties Defendant requires it servers to perform on or around the relevant time period of this claim and the approximate amount of time these duties take to perform.

8.      Any defenses being raised to this action.

9.      Payroll to the Plaintiff regarding the claim in dispute for the instant matter during the relevant time period of this claim.

10.     "Tip pooling" policies or procedures in connection to the claim in dispute, during the relevant time period of this claim.

11.     Any manipulation, modification, or alterations regarding Plaintiff's records for the claim in dispute for the instant matter, during the relevant time period of this claim.

12.     How Defendant recorded Plaintiff's hours worked during Plaintiff's employment with Defendant, including the name of any software used for the claim in dispute for the instant matter, during the relevant time period of this claim.

13.     Any statements or remarks made by or on behalf of any party to this lawsuit concerning any issue in this lawsuit, during the relevant time period of this claim.

## **SCHEDULE B**

1.  All company policies that would inure to the benefit of Plaintiff, together with any declaration of coverage page, sworn statement of corporate officer of Defendant attesting to the coverage and authenticity of the policy as required by Florida law.

2.  Copies of any and all forms, correspondence, or reports which Defendant or any of Defendant's agents acting on Defendant's behalf received from anyone concerning the unpaid wages that is the subject of this lawsuit.

3.  All training materials, instructional materials, or any other documents provided to employees during the dates of Plaintiff's employment that convey any policy, rule or procedure regarding employment.

4.  All correspondence, forms, notes, notations, facsimiles, emails, text messages, memoranda or information which Defendant transmitted in any form to any managers, plaintiff, employees or other such individual or entity concerning the unpaid wages that is the subject of this lawsuit.

5.  Any and all statements Defendant or anyone on behalf of Defendant took of Plaintiff or the employees in regards to this unpaid wages claim.

6.  All charts, schedules, daily or weekly floor plans, assigned side work sheet, or any other documentation Defendant, or anyone on Defendant's behalf, took showing the extent of the side work Plaintiff had to perform in excess of 20%, that is the subject of this lawsuit.

7.  Any witness statements.

8.  Payments, if any, that were made to Plaintiff in regards to this unpaid wages claim.

9.  Defendant's Answer and Affirmative Defenses.

10. Responses to Interrogatories, Admissions and Request to Produce.

11. Any and all payroll records related to Plaintiff's unpaid wages claim.

Composite Exhibit A

## **FIRST INTERROGATORIES TO DEFENDANT**

Definitions

1. "You(r)" as used in these interrogatories means the Defendant named above and any related entities who may be liable for the damages sought herein. The definition also includes any individuals or agents employed in any management position; any lawyers retained by you on this or any other claim; and any other agents who have performed services on your behalf at any time material to this action.

2. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests all responses that might otherwise be construed to be outside their scope.

3. The singular includes the plural, and vice versa. The masculine includes the feminine and vice versa.

4. "All" shall be construed as "all and each" and the term "each" shall be construed as "all and each."

5. "Document" means any kind of written, typewritten, or printed material whatsoever, any kind of graphic material, and any computer readable media including, but without limitation, papers, agreements, contracts, notes, memoranda, correspondence, electronic mail messages, studies, working papers, letters, telegrams, invoices, personal diaries, reports, records, books, forms, indexes, transcriptions and recordings, magnetic tapes, disks and printed cards, data sheets, data processing cards, personal calendars, journals, diaries, inter office memoranda, minutes and records of any sorts of meetings, financial statements, financial calculations, estimates, reports of telephone or other oral conversations, appointment books, maps, drawings, charts, graphs, photographs, sound recordings, videotape recordings, computer printouts, microfilms, information sent or received via the internet, information stored electronically or on computer chips, disks or databases, all other compilations of data from which information can be obtained or translated if necessary, by plaintiff through detector devices into reasonable usable form and all other writings and recoding of every kind, however produced or reproduced whether signed or unsigned. The term "document" includes without limitation the original and all file copies and other copies that are not identical to the original no matter how or by whom prepared, and all drafts prepared in connection with any documents, whether or not used. If the original of any document is not in your possession, custody or control, a copy of that document should be produced.

6. "Identify" and "identity" mean:
   a. with respect to a natural person, to state the persons name, title at the time in question, employer and business address at the time in question and the current or last known employer, business address, and home address;
   b. with respect to an organization or entity, to state the full legal name of the entity and full name by which the organization or entity is commonly known or does business;
   c. with respect to a document, to state the names and titles of the author(s) and/ or signatory(ies), addresses(s), and recipients(s) of any copies; the subject matter or

title; the date of the document; the division, department, or unit of your organization with which the authors and/ or addressees are or were affiliated; and its present location and custodian; and

d.  with respect to an oral communication, to state the names and titles of all persons involved in the communication, and date and approximate time of the communication.

## **INSTRUCTIONS**

1.  These interrogatories are continuing in nature so as to require the filing of supplemental answers to the extent required under Florida Law.
2.  If you cannot answer any interrogatory in full, answer to the extent possible, explain why you cannot answer the remainder, state the nature of the information and knowledge that you can furnish, and provide a supplemental response when you obtain more information.
3.  If your answer to any interrogatory derives from a document, identify the document.
4.  If you contend that any document or communication that is responsive to any interrogatory propounded herein is privileged for any reason whatsoever, identify each such document or communication in your answer to each interrogatory and include that document on a privilege log.

## **INTERROGATORIES**

1.  Identify each person who prepared answers or supplied or provided information used to prepare answers to these Interrogatories.

2.  Describe in detail your efforts to gather information and documents responsive to each of these interrogatories, as well as Plaintiff's first request for Production of documents, including the person(s) involved in such efforts.

3.  Identify all fact witnesses you expect to call to testify at the trial of this action and describe the substance of their expected testimony.

4.  Identify all documents in your possession that evidence any dates Plaintiff was employed by the Defendant, including any and all hours worked by the Plaintiff.  These documents may include, but are ***not limited*** to: timesheets, tax records, notes, correspondence, payroll records, electronic records, and recorded statements.

5.      Identify all persons employed by the Defendant with any knowledge regarding the dates and/or hours during which Plaintiff worked for the Defendant.  If such persons are no longer employed by the Defendant, provide their name, last known address, and telephone number.

6.      List all persons employed by the Defendant with any knowledge regarding the duties performed by Plaintiff during employment with the Defendant.  If such persons are no longer employed by the Defendant, provide their name, last known address, and telephone number.

7.      List all managers, supervisors, or any representative of the Defendant in a supervisory role who did, or may have, conveyed any rule, policy or procedure to the Plaintiff regarding Plaintiff's employment with the Defendant at any time. If such persons are no longer employed by the Defendant, provide their name, last known address, and telephone number.

8.      List all individuals responsible for training or instructing the Plaintiff as to job duties during Plaintiff's employment with the Defendant. If such persons are no longer employed by the Defendant, provide their name, last known address, and telephone number.

9.      List all facts known that support any purported defense to this action as set forth in any pleading of the Defendant.

10.     Identify, in detail, all job duties for which the Defendant requires its servers to perform

Composite Exhibit A

during a normal shift.  If different types of shifts entail different duties, list all types of shifts separately and the duties required for each shift.

11.    Was the Plaintiff ever paid overtime during any pay period during which the Plaintiff was employed by the Defendant?  If so, identify all wage periods for which overtime was paid.

12.    Was the Plaintiff ever paid full minimum wage (without tip credit) for any hours employed by the Defendant?  If so, identify the date(s) and circumstances.

13.    For each document listed on the privilege log that you have served in this action, or otherwise being withheld by you on grounds of privilege or work product, identify each person, if any, to whom or with whom each such document was provided or shared.

14.    Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit?  If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

15.    Were there any time periods where Plaintiff worked for the Defendant, however was not paid a wage?  If so, identify all dates Defendant believes the Plaintiff worked for the Defendant but was not paid a wage.

16.    Are there any time periods during which Plaintiff worked for the Defendant for which Defendant does not have clear, exact record of all hours worked?  If so, identify all

Composite Exhibit A

suspected time periods for which Defendant does not have clear, exact record of all hours worked.

17.    Describe, in detail, the procedures for which servers employed by the Defendant follow in order for Defendant to accurately record their hours worked, including any clock in/clock out procedures.

18.    Has any employee, agent or representative of the Defendant admitted to the Plaintiff that Plaintiff was not paid a wage for any hours worked during a pay period in which Plaintiff was employed by the Defendant?  If so, list the employee name, last known address and telephone number.

19.    On what date did Defendant perform his/her first day of work for the Defendant? Identify all documentation in Defendant's possession to support your answer.

20.    Describe, in detail, any "tip pooling" policies or procedures during the time Plaintiff was employed by the Defendant.

21.    Did the Defendant, its managers or agents ever modify, alter, or manipulate any records pertaining the hours Plaintiff worked?  If so, describe the circumstances under which Plaintiff's time records were altered.

22.    Describe, in detail, how Defendant recorded Plaintiff's hours worked during Plaintiff's employment with Defendant, including the name of any software used.

Composite Exhibit A

### **JURAT PAGE**

_____
AUTHORIZED REPRESENTATIVE FOR DEFENDANT

STATE OF FLORIDA)

COUNTY OF _____)


     The foregoing instrument was acknowledged before me this _____ day of October, 2020 by _____ who is appeared physically in person before me and is personally known to me OR has produced the following identification _____ and taken an oath.



_____
Notary Public Signature

                                     Commission No.:

                                          (SEAL)

## IN THE COUNTY COURT OF THE 17TH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

**TAMARA LAMBERT (maiden THEISS),**

      **Plaintiff,**                         **CASE NO.:**

**vs.**

**HILLSTONE RESTAURANT GROUP,**
**INC. d/b/a Hillstone Restaurant**

      **Defendant.**

_____/

### PLAINTIFF'S NOTICE OF SERVING INTERROGATORIES TO DEFENDANT

Plaintiff, **TAMARA LAMBERT (maiden THEISS)**, pursuant to Rule 1.340(e) of the

Florida Rules of Civil Procedure, hereby files Notice of Service of the original and one (1) copy

of Interrogatories number one (1) through twenty-two (22) to be answered in oath and in writing,

within thirty (30) days from the date of service hereof.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished

to the Defendant alongside the Complaint Package served on the date indicated in the affidavit of

service.

Respectfully Submitted,

                                      _/s/ Arielle K. Brandt_
                                      Arielle K. Brandt, Esquire
                                      Florida Bar No.: 118004
                                      The Brandt Law Firm, PLLC
                                      420 W. Wekiva Trail
                                      Longwood, FL 32779
                                      E-mail: ArielleKBrandt@gmail.com
                                      Phone: (407) 808-3524

Composite Exhibit A

IN THE COUNTY COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

**TAMARA LAMBERT (maiden THEISS),**

       **Plaintiff,**                    **CASE NO.:**

**vs.**

**HILLSTONE RESTAURANT GROUP,
INC. d/b/a Hillstone Restaurant**

       **Defendant.**

_____/

## PLAINTIFF'S FIRST REQUEST TO PRODUCE TO DEFENDANT

Plaintiff, **TAMARA LAMBERT (maiden THEISS)**, by and through its undersigned counsel, and pursuant to Florida Rule of Civil Procedure 1.350, hereby requests Defendant to furnish copies of the following documents to the offices of the undersigned attorney within forty-five (45) days from the date of service hereof:

## INSTRUCTIONS

1. These document requests are continuing in nature so as to require the production of supplemental documents and the filing of supplemental answers to the extent required under the laws of the State of Florida.

2. When documents are requested, such requests include documents in the custody or control of the party's agents, party representatives, predecessors in interest, successors in interest, subsidiaries, parent, expert, persons consulted concerning any factual matters or matters of opinion relating to any of the facts or issues involved in this case, as well as, unless privileged, the party's attorney.

3. If you are not producing any document responsive to a request, your answer should make it clear that you are not producing any document responsive to that request.

4. For each document that is withheld under a claim of privilege, please provide the following information:

    a. The date the document was prepared or created,

    b. The name and title of the author or authors of the document,

Composite Exhibit A

    c.   A summary of the subject matter of the document,

    d.   The identity of each person or persons who assisted the author or authors in creating the document,

    e.   The identity of each person to whom the document or the contents of the document have been communicated (either intentionally or inadvertently), the dates of such communication and the title of each such person.,

    f.   A statement of the basis on which the privilege is claimed, and

    g.   The identity and title, if any, of the person or persons providing the information requested in subsection (a) through (f) above.

5.   "Side Work" is defined as work spent on non-tipped tasks during the employee's shift. This may include opening tasks, closing tasks, or tasks performed during her shift.

6.   If there is no time period stated within a specific request, you are to assume it is for the time period that the Plaintiff was employed by Defendant.

## FIRST REQUEST FOR PRODUCTION

1.   All records and documents evidencing any hours during which Plaintiff worked for the Defendant, including but not limited to time-sheets, tax records, notes, correspondence, payroll records, electronic records, and recorded statements.

2.   All documents reflecting any wages paid by Defendant to the Plaintiff.

3.   All manuals, training books, corporate materials, employee handbooks, or other documentation regarding Defendant's policies and procedures for its tipped employees.

4.   All documents recording breaks that Plaintiff took while employed by Defendant.

5.   All financial statements, written or electronic, including income statements, balance sheets, and cash flow statements.

6.   All records of sales, written or electronic, whether compiled on a daily or weekly basis, as well as monthly or quarterly summaries thereof.

7.   All tax filings by the Defendants made to any municipality, city, state or the federal government on behalf of Plaintiff and Covered Employees.

8.   All documents relating to litigation with current or former employees of the Defendant.

9.   All documents, papers, invoices, emails, memoranda, notes, phone message slips, or any other written or electronically stored material referencing Defendant's compliance or non-compliance

Composite Exhibit A

with the FLSA and FMWA.

10. All corporate documents (including organization charts and shareholder ledgers) and licenses of Hillstone and its parent or subsidiary companies.

11. All correspondence between Plaintiff, or any representative of Plaintiff, and any representative of Defendant, regarding Plaintiff's employment with the Defendant.

12. All documents which support any affirmative defense to Defendant.

13. All correspondence regarding any aspect of the Plaintiff's employment with the Defendant, including but not limited to correspondence between corporate executives, managers, owners, supervisors, any employees of the Defendant, or any third party.

14. All employee records or documents regarding Plaintiff's employment.

15. All documents reflecting any wages paid to the Plaintiff.

16. All documents reflecting any hours worked by the Plaintiff.

17. All documents reflecting any duties or job-related tasks performed by the Plaintiff.

18. All transcripts of any deposition, hearing or trial testimony given over the past five years by any of your present or former employees, agents, experts, or representatives in any lawsuit or hearing in the State of Florida concerning any claim for outstanding wages against the Defendant.

19. Any records, electronic or otherwise, evidencing any changes, alterations or modifications made to Plaintiff's time records with regard to the time which Plaintiff clocked-in or clocked-out for any shift.

20. All documents recording the amount of tips received by Plaintiff and Covered Employees during the course of his employment by Defendant, as well as any notices given to Plaintiff and Covered Employees by Defendant (i) notifying Plaintiff and Covered Employees that Defendant was taking an allowance for tip credit, (ii) notifying Plaintiff and Covered Employees of tip pooling arrangements, and (iii) detailing amounts of tips earned and tip credit taken during any payment period.

21.  All loans, leases and credit lines established or entered into by Defendant (including leases entered into by Defendant with respect to real property).

22. All human resource files regarding complaints or investigations related to Plaintiff and Covered Employees, including any files related to EEOC or other governmental agency charges, union

grievances and internal complaints.

23. All documents which reflect required "side work" for Defendant's servers during the time of Plaintiff's employment, including but not limited to the front of house cleaning matrix or front of house side work plan.

24. All documents which the Defendant requested currently employed servers to sign during the relevant time period, which relate, in any way, to the allegations raised in this lawsuit.

25. All documents signed by Plaintiff during Plaintiff's employment by Defendant.

26. All vendor contracts entered into by Defendant (including vendor and supply contracts, rental contracts, tool and equipment suppliers, wholesalers, other Internet-based delivery vendors, accountants, banks, payroll service providers, uniform providers, marketing consultants, printers, etc.)

27. All documents referencing "side work" assignments to tipped employees (including floor plans, side work charts, daily side work schedules, "slow time" charts, front of house plan, back of house cleaning plan, daily operations sheet, daily assignment sheet, etc.)

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the Defendant alongside the Complaint Package served on the date indicated in the affidavit of service.

Respectfully Submitted,

*/s/ Arielle K. Brandt*
Arielle K. Brandt, Esquire
Florida Bar No.: 118004
The Brandt Law Firm, PLLC
420 W. Wekiva Trail
Longwood, FL 32779
E-mail: ArielleKBrandt@gmail.com
Phone: (407) 808-3524

## IN THE COUNTY COURT OF THE 17TH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

**TAMARA LAMBERT (maiden THEISS),**

     **Plaintiff,**                       **CASE NO.:**

**vs.**

**HILLSTONE RESTAURANT GROUP,**
**INC. d/b/a Hillstone Restaurant**

     **Defendant.**
_____/

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

Plaintiff, **TAMARA LAMBERT (maiden THEISS)**, by and through the undersigned attorney, pursuant to Rule 1.370 of the Florida Rules of Civil Procedure, requests that the Defendant, within forty-five (45) days from the date of service of this request, provide responses to the following Requests for Admissions:

## DEFINITIONS AND INSTRUCTIONS

1. The term "Plaintiff" refers to **TAMARA LAMBERT,** formerly known at Tamara Theiss.

2. The terms "Company," Restaurant," and "Corporation" refer to Hillstone Restaurant Group Inc., d/b/a Hillstone Restaurant at its Pompano Beach, Florida location.

3. If a question does not specify an applicable time period, then it refers to the time period Plaintiff worked for the Defendant.

4. The term "Defendants" and the pronoun "you" refer to the Defendant and its agents, employees, representatives, and unless privileged, attorneys, as well as any entity, agency or committee formed, controlled by, or otherwise affiliated with Defendant.

## REQUEST FOR ADMISSIONS

1. Admit that on at least one occasion Plaintiff was directed by Defendant to changed the sanitary napkins trash in the women's bathroom.

2. Admit that on at least one occasion, Plaintiff was directed by Defendant to clean the kegerators.

3. Admit that on at least one occasion during Plaintiff's employment with Defendant, Plaintiff

Composite Exhibit A

was required to pay for cash register shortages and/or walk-outs out of Plaintiff's tips.

4. Admit that the terms of Company tip pool procedures/requirements were not explained to Plaintiff in a written or electronic document.

5. Admit that Plaintiff was paid at a "tip credited" rate for hours during which Plaintiff was required to participate in a Company tip pool.

6. Admit that the Company did not provide time sheets, time cards, or other paper means for employees to record their arrival and departure times or hours worked.

7. Admit that the Defendant did not provide a pay stub or wage statement to Plaintiff accurately showing her regular rate, overtime rate, regular and overtime hours worked, total pay, and deductions or allowances for each pay period worked.

8. Admit that the Company has gross revenues in excess of $500,000.00.

9. Admit that during the course of Plaintiff's employment with the Company, the Company did not maintain a poster in a clear and visible location that explained the current applicable statutory minimum wage amounts in effect as well as the applicable overtime rate for employees to be paid for work in excess of forty (40) hours in a workweek.

10. Admit that the Company did not track or record whether Plaintiff took meal breaks.

11. Admit that Defendant does not have a detailed, accurate time record for all hours worked by the Plaintiff.

12. Admit that Plaintiff performed non-tipped labor which regularly exceeded 20% of the total time worked each shift.

13. Admit that the above-named Defendant is properly named in this action.

14. Admit that jurisdiction and venue are proper in Broward County, Florida.

15. Admit that on at least one occasion Plaintiff was directed by Defendant, its managers or agents to check restrooms for supplies and cleanliness as part of Plaintiff's required shift duties.

16. Admit that on at least one occasion Plaintiff was directed by Defendant, its managers or agents to perform dish washing during Plaintiff's scheduled shift.

17. Admit that on at least one occasion Plaintiff was directed by Defendant, its managers or agents to clean and wipe menus.

18. Admit that on at least one occasion Plaintiff was directed by Defendant, its managers or agents to train other restaurant staff.

19. Admit that on at least one occasion Plaintiff was directed by Defendant, its managers or agents to break down work stations during Plaintiff's scheduled shift.

20. Admit that Plaintiff was regularly scheduled for shifts which required Plaintiff to begin work before the restaurant was open for business.

21. Admit that Plaintiff was regularly scheduled for shifts which required Plaintiff to work for periods of time after the restaurant was closed for business.

22. Admit that for all hours Plaintiff worked for Defendant, Defendant imposed a tip credit upon Plaintiff's wages.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the Defendant alongside the Complaint Package served on the date indicated in the affidavit of service.

Respectfully Submitted,

*/s/ Arielle K. Brandt*
Arielle K. Brandt, Esquire
Florida Bar No.: 118004
The Brandt Law Firm, PLLC
420 W. Wekiva Trail
Longwood, FL 32779
E-mail: ArielleKBrandt@gmail.com
Phone: (407) 808-3524

Composite Exhibit A

Filing # 115610931 E-Filed 10/26/2020 03:03:40 PM

# BROWARD COUNTY SHERIFF'S OFFICE
2601 West Broward Blvd Fort Lauderdale, Florida 33312

# RETURN OF SERVICE

Court Case # CONO20-15589

Sheriff # 20031937

Tamara Lambert (maiden Theiss) VS Hillstone Restaurant Group, Inc d/b/a
Hillstone Restaurant

Hearing Date:
Received by CCN 10451
10/02/2020 7:49 AM

Type of Writ: Summons/Complaint                    Court: County / Broward FL

Serve: **Hillstone Restaurant Group, Inc d/b/a Hillstone Restaurant**    **1200 S Pine Island Road  Plantation FL 33324**

| **Served:** | X |
|---|---|
| **Not Served:** | |

Brandt Law Firm, PLLC
420 W Wekiva Trail
Longwood FL 32779

**Date:** 10/02/2020  **Time:** 1:30 PM

On Hillstone Restaurant Group, Inc d/b/a Hillstone Restaurant in Broward County, Florida, by serving the within named person
a true copy of the writ with the date and time of service endorsed thereon by me, and copy of the complaint petition or initial
pleading by the following method:
**SUBSTITUTE SERVICE**

To donna moch  / Registered Agent:

At the defendant's usual place of abode on "any person residing therein 15 years of age or older", in accordance with F.S.
48.031(1)(a); or to the defendant's spouse at a location in accordance with F.S.48.031(2)(a); or to the person in charge of the
defendant's business in accordance with F.S 48.031(2)(b), after two or more attempts to serve the defendant have been made
at the place of business.

/

**COMMENTS**: donna moch, ct rep, authorized to accept service

**You can now check the status of your writ by
visting the Broward Sheriff's Office Website at
www.sheriff.org and clicking on the icon
"Service Inquiry"**

**Gregory Tony, Sheriff
Broward County, Florida**

By: _James Perko_                    **D.S.**

**J. Perko-McPartland, #10451**

| RECEIPT INFORMATION | | EXECUTION COSTS | | DEMAND/LEVY INFORMATION | |
|---|---|---|---|---|---|
| Receipt # | 6485 | Service | $40.00 | Judgment Date | n/a |
| Check # | 0993 | | | Judgment Amount | $0.00 |
| Service Fee | $40.00 | | | Current Interest Rate | 0.00% |
| On Account | $0.00 | | | Interest Amount | $0.00 |
| Quantity | | | | Liquidation Fee | $0.00 |
| Original | 1 | | | Sheriff's Fees | $40.00 |
| Services | 1 | | | Sheriff's Cost | $0.00 |
| | | | | Total Amount | $40.00 |

Composite Exhibit A

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY,
FLORIDA

TAMARA LAMBERT (maiden THEISS),

        Plaintiff,

    v.

HILLSTONE RESTAURANT GROUP,
INC. d/b/a Hillstone Restaurant

        Defendant.

CASE NO. CONO-20-015589

_____

## DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that on October 27, 2020, Defendant Hillstone Restaurant

Group, Inc. filed a Notice of Removal in the United States District Court for the Southern

District of Florida, Fort Lauderdale Division, which was served on Plaintiff's counsel by e-

mail on October 27, 2020. A copy of the Notice of Removal is attached as Exhibit 1.

Dated: October 27, 2020.

**[REST OF PAGE INTENTIONALLY LEFT BLANK]**

Composite Exhibit A

Respectfully submitted,


By: /s/ *Todd S. Aidman*
         Todd S. Aidman, Esq.
         Florida Bar No. 173029
         E-mail: taidman@fordharrison.com
         Nicholas S. Andrews
         Florida Bar No. 0105699
         E-mail: nandrews@fordharrison.com
         FORD & HARRISON LLP
         101 E. Kennedy Blvd., Suite 900
         Tampa, FL  33602
         (813) 261-7800  Telephone
         (813) 261-7899  Facsimile

         Attorneys for Defendant Hillstone Restaurant
         Group, Inc.


## <u>CERTIFICATE OF SERVICE</u>

      I HEREBY CERTIFY that on October 27, 2020, I filed the foregoing using the Florida

Courts E-Filing Portal which will send a true and correct copy via e-mail to:

Arielle K. Brandt
ArielleKBrandt@gmail.com
The Brandt Law Firm, PLLC
420 W. Wekiva Trail
Longwood, FL 32779

Attorney for Plaintiff


/s/ *Todd S. Aidman*
Attorney


WSACTIVELLP:11848887.1


Composite Exhibit A

- 2 -

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

TAMARA LAMBERT (maiden THEISS),
individually,

        Plaintiff,

    v.

HILLSTONE RESTAURANT GROUP,
INC. d/b/a Hillstone Restaurant,

        Defendant.

_____

CASE NO. _____

L.C. Case No. CONO-20-15589
Division: 72

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Hillstone Restaurant Group, Inc. d/b/a Hillstone Restaurant ("Defendant") by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1441(a) and 1446(b), hereby removes this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division.  A short and plain statement of the grounds for removal is as follows:

1.      On September 22, 2020, Plaintiff filed this action against Defendant in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. CONO-20-15589.

2.      The Summons and Complaint were served on Defendant on October 2, 2020. Pursuant to 28 U.S.C. § 1446(b), this notice is filed timely within thirty (30) days after Defendant purportedly received Plaintiff's Summons and Complaint.

3.      Plaintiff's Complaint states that the action is for "violation of the FMWA [Florida Minimum Wage Act] and FLSA [Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*]"  Compl. ¶ 6.  This Court has original jurisdiction with respect to the FLSA claim because, as stated in the Complaint, it is an action to recover damages or to secure equitable relief or any other relief under an Act of Congress.  In addition, Plaintiff's Complaint makes clear that the resolution of her FLSA and FMWA claims depend on whether Defendant would have been eligible to apply the tip credit under the FLSA, citing the Department of Labor's regulations at 29 C.F.R. §§ 531.50-60.

4.      Furthermore, this Court has supplemental jurisdiction with respect to the relief sought under the FMWA pursuant to 28 U.S.C. §§ 1441(c) and 1367(a), as the claim arises from part of the same case or controversy as her claim for relief under the FLSA—that is, they both turn on a determination of whether Defendant properly applied the Fair Labor Standards Act's tip credit towards its minimum wage obligation.  Therefore, removal to this Court of the FLSA and FMWA claims is proper.

5.      The events alleged by Plaintiff giving rise to Plaintiff's FLSA and FMWA claims allegedly occurred in Broward County, Florida, which is within this Court's district. (Complaint at ¶ 7.)  Accordingly, venue is proper in the Fort Lauderdale Division of the United States District Court, Southern District of Florida.

6.      Pursuant to 28 U.S.C. § 1446(a), Defendant has attached a copy of all process, pleadings, and orders served upon Defendant in this action.  In addition, Defendant has attached a true and legible copy of all process, pleadings, orders and other papers or exhibits

Composite Exhibit A
Exhibit 1

of every kind, including depositions, then on file in the state court.  (See attached Composite Exhibit A.)

     6.     Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of this notice of removal to Plaintiff, the only adverse party.  In addition, Defendant has filed a copy of the notice of filing notice of removal with the clerk of the state court, which shall effect the removal. (See attached Exhibit B.)

     Dated this 27th day of October, 2020.

               Respectfully submitted,

               By: /s/ *Todd S. Aidman*
                  Todd S. Aidman, Esq.
                  Florida Bar No. 173029
                  E-mail:  taidman@fordharrison.com
                  Nicholas S. Andrews
                  Florida Bar No. 0105699
                  E-mail: nandrews@fordharrison.com
                  FORD & HARRISON LLP
                  101 E. Kennedy Blvd., Suite 900
                  Tampa, FL  33602
                  (813) 261-7800  Telephone
                  (813) 261-7899  Facsimile

                  Attorneys for Defendant Hillstone Restaurant Group, Inc.

Composite Exhibit A
Exhibit 1

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 27, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing has been sent via e-mail to:

Arielle K. Brandt
ArielleKBrandt@gmail.com
The Brandt Law Firm, PLLC
420 W. Wekiva Trail
Longwood, FL 32779

Attorney for Plaintiff


/s/ *Todd S. Aidman*
Todd S. Aidman

WSACTIVELLP:11841905.1

Composite Exhibit A
Exhibit 1

- 4 -